No. 1489.—MAXEN & SHEARER v. WILLIAM LANDRUM, STONER & TURNER, Intervenors.

It is the amount in dispute in the District Court that gives the Supreme Court jurisdiction of the appeal.

The privilege of the consignee, who has made advances on the goods or property in his possession through his agent is superior to that of the attaching creditor. C. C. 3214.

APPEAL from the Second Judicial District Court, parish of Jefferson. *Cazabat*, J. *Frank Haynes*, for plaintiffs and appellees, *Marr & Foute*, for defendant and intervenors, appellants.

HOWE, J. The plaintiffs, appellees, have moved to dismiss the appeal in this case on the allegation that the amount in dispute does not exceed five hundred dollars. The amount claimed by plaintiffs was the sum of $868. A number of cattle were attached and bonded by the intervenors, whose claim thereon for advances was the sum of $2045 93. The cattle were sold for $2089 50. Although, therefore, the plaintiffs had judgment for the sum of $350 only, this court has jurisdiction by reason of the amount in dispute in the court below.

Proceeding then to examine the case upon its merits, we are satisfied from the evidence that when on the twenty-ninth September, 1866, the plaintiffs levied their attachment on the cattle, the proceeds of which are in dispute, the cattle were already in possession of the intervenors. It appears that on or about the twenty-seventh September, 1866, the agent of the intervenors advanced to Landrum, at Sabine Pass, some five hundred dollars upon the cattle, which were then at that place, and himself shipped them to the intervenors. The other advances were made prior to the attachment, except the freight money, which was paid by intervenors with subrogation to the rights of the carrier. It can not be doubted that under such circumstances the privilege of the consignees, who were in possession through their agents, was superior to that of the attaching creditors. C. C. 3214, and amendments.

In this view the judgment of the District Court is erroneous, so far as it accords to the plaintiffs a privilege on the property attached superior to that of intervenors.

The defendant has not appealed, and the judgment rendered against him personally, upon his appearance and answers, in favor of the plaintiffs, and also of the intervenors, must remain undisturbed.

It is therefore ordered and adjudged that the judgment appealed from, so far as it decrees to plaintiffs priority of privilege on the property attached, and to the intervenors a privilege only on the remainder of the proceeds, be avoided and reversed. It is further ordered that the intervenors, Stoner & Turner, be paid the amount of their judgment against defendant, by preference and priority, out of the proceeds of the property attached; that the plaintiffs' privilege be recognized upon the remainder of such proceeds, if any; that in all other respects the judgment be affirmed, and that the appellees pay the costs of the appeal.